



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 2, 1939

Honorable A. M. Aikin, Jr.
Chairman, Committee on Education
Senate
Austin, Texas

Dear Sir:

Opinion No. O-891
Re: Transportation Aid Rural High
School

We are in receipt of your letter of April 19, 1939, which is as follows:

"This is to ask that you render your opinion on the following questions pertaining to transportation to be paid to rural high schools:

"Are school districts organized under Article 2922a legally constituted districts?

"Does Chapter 19 C, Section 11, provide for $2.00 transportation for elementary and high school pupils of all legally constituted districts of 100 or more square miles?

"Are all pupils elementary and high school of rural high school districts of 100 square miles or more, that receive teacher aid on the unit schools, entitled to $2.00 transportation per pupil per month?"

We understand that your third question presents the ultimate issue to be decided and that the first two questions are suggested to assist in answering the third.

Section 11, Acts 1937, Ch. 474, p. 1259, known as the Rural Aid Law provides as follows:

"Sec. 11. Transportation Aid. The County Superintendents and County School Board are hereby authorized to set up a system of transportation for the purpose of

transporting high school pupils from their districts, to
the nearest convenient accredited high school. The expense
of such transportation shall be paid out of the funds
hereby provided, not to exceed Two ($2.00) Dollars per
pupil per month. Provided, further, that in districts com-
posing an entire county, high school transportation aid as
authorized in this Section may be granted for the purpose
of transporting high school pupils within such districts to
the most convenient accredited high school.

"It is further provided that the districts through
which these buses travel may make provisions with the
County Superintendent and the County School Board to have
any other children not provided for herein, transported
within and between their respective districts, and said
district may make application for State aid thereon to an
amount not to exceed One ($1.00) Dollar per month per
pupil. Provided, that where regular buses do not run in
sparsely settled sections of counties which are operating
under a county unit system, the County School Board and
County Superintendent are authorized to make provisions
for the transportation of pupils within said districts,
and may make application for State aid thereon to an
amount not to exceed One ($1.00) Dollar per month per
pupil. Providing that all school districts containing one
hundred (100) square miles of territory or more may
receive transportation aid of Two ($2.00) Dollars per
month per pupil. And provided further, that like aid of
One ($1.00) Dollar per month per pupil shall be made in
respect to transportation in any common school district
in which there exists two school plants, one of which is
a first class four (4) year high school and which said
plants are separated by a distance of not less than two
and one-half (2 1/2) miles."

Article 2922a, Chapter 19-A, Revised Civil Statutes, 1925,
s amended provides for the formation or organization of rural
igh school districts by grouping contiguous districts or annexing
utlying districts to a central common or independent school district
or purposes of maintaining a high school. Such districts may be
ormed so as to contain more than 100 square miles (Art. 2922c).

In Chastain v. Mauldin, (T.C.S. 1930) 32 S. W. (2d) 235,
he court used the following significant language:

"In the McPhail Case above, Judge Looney in holding constitutional the provisions of Chapter 19a, Title 49, sets forth very clearly the purposes and effect of that legislation. As there pointed out, the gr uping provided for does not have the effect of abolishing the several districts in the group. See also Limestone Board v. Wilson (Tex.Civ.App.) 5 S. W. (2d) 805. It merely groups them for high school purposes and places the grouped board in charge of all of the schools in the district, thus abolishing the several district boards. No action of any character was taken which either attempted or had the effect of abolishing the Panther Creek district, and under the facts as found by the court (that the average daily attendance was 20 or more) the district could not have been abolished or consolidated with any other district without a vote of the taxpayers, which was not had. R. S. art. 2922f. The trustees of the grouped district were invested with the power and charged with the duty of conducting schools and of administering all school property and funds of all the districts within the boundaries of the consolidated districts. But they did not have the right to divert property or funds of one district to another, or to the grouped district. . ."

In County Board of School Trustees of Limestone County v. Wilson, (T.C.A. 1928) 5 S. W. (2d) 805, it was stated:

". . . Such authority, however, is merely to group such districts for the purpose of forming a rural high school district . . . Said articles also provide for the control and management of the schools in such districts and define the relations between the high school and the elementary schools to be maintained therein . . . When two or more districts are consolidated under the articles above referred to, (arts. 2807 to 2815) each district loses its separate identity, unless it be for certain limited purposes in connection with taxation, and they together thereafter constitute a single district as though they had never had separate existence. In such cases elementary schools may be located by the board of trustees of the consolidated district as need therefor may appear. R. S. art. 2811. On the contrary, when two or more common school districts are grouped to form a high school district, as above shown, each of such districts retains its identity, and separate elementary schools must be maintained therein. R. S. art. 2922f. . ."

As we interpret Chapter 19-A and the foregoing cases, a rural high school district is essentially a school district superimposed upon several contiguous districts for the purpose of maintaining a high school for their common benefit. The underlying districts maintain their separate identities and separate elementary schools must be maintained therein. The high school district does not accurately include the several elementary districts as such but there is a horizontal severance of the upper grades from the original districts, so to speak, to form the rural high school district.

We are of the opinion that elementary pupils of underlying elementary school districts are not entitled to $2.00 per month per pupil for transportation aid as pupils of a rural high school district for transportation to or between their respective elementary districts but would be entitled to $1.00 per pupil per month under the first sentence of the second paragraph of Section 11, Acts 1937, Chapter 474, page 1259. High school pupils of the rural high school district having 100 square miles or more would be entitled to $2.00 per pupil per month as transportation aid. The above conclusions are subject of course to the condition that the districts are otherwise complying with the provisions of the Rural Aid Law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:N

APPROVED

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS